34 So.2d 225

## McCAIN et al. v. SHEPPARD.

### 2 Div. 769.

Court of Appeals of Alabama.

March 2, 1948.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

Wilkinson & Wilkinson, of Selma, for appellee.

HARWOOD, Judge.

This is an appeal by the State from an order and judgment of Honorable L. S. Moore, one of the judges of the Circuit Court of Dallas County granting appellee's (who is hereinafter referred to as petitioner) petition for a writ of habeas corpus.

The record discloses that on May 14, 1945 the petitioner was convicted in the Circuit Court of Dallas County on a charge of distilling, and sentenced to the penitentiary for a term of two years. On that same day the court entered an order suspending the sentence and placing petitioner on probation for a period of two years.

On or about February 8, 1947, Judge Callen, before whom the cause had been tried, extended the period of probation for one year, or until May 4, 1948, upon learning through the Probation Officer that petitioner had been arrested by federal officers on a charge of distilling.

On April 14, 1947 the petitioner plead guilty in the federal court to the charge of distilling and was sentenced to serve 90 days, and placed on probation for a period of two years by that court.

Thereafter on May 27, 1947, upon being informed of petitioner's conviction in the federal court, Judge Callen entered an order revoking the probation granted the petitioner by him and reinstated the original sentence of two years in the penitentiary.

On July 29, 1947, the approximate time of the completion of petitioner's federal sentence, a warrant was issued for his arrest, which warrant was executed on August 18, 1947, on which day the hearing below was had.

Section 24, Title 42, Code of Alabama 1940, it is provided, among other things, that: "At any time during the period of probation or suspension of execution of sentence, the court may issue a warrant and cause the defendant to be arrested for violating any of the conditions of probation or suspension of sentence."

It is clear however from a reading of this whole section that the warrant thus authorized is one looking toward regaining custody of the probationer for determining whether his probation should be revoked and the original sentence be ordered executed, for this section thereafter provides as to who may arrest the probationer and what papers are prerequisite to a lawful arrest, and concludes with the following sentence: "There upon the Court, after a hearing, may revoke the probation or suspension of execution of sentence and shall proceed to deal with the case as if there had been no probation or suspension of execution of sentence."

The warrant in this case was not issued until more than 60 days after the attempted revocation of the probation of this petitioner. Furthermore the warrant of arrest itself is as follows:

"State of Alabama,
Dallas County.
In the Circuit Court
of Dallas County,
Alabama.

To the Sheriff of Dallas County, Alabama, Greeting; or, To any Sheriff of the State of Alabama:

Whereas, the above named Joe Sheppard was adjudged guilty of Distilling, by the Circuit Court of Dallas County, Alabama, on May 14, 1945, and was by said Court sentenced to serve 2 years in the Penitentiary of the State of Alabama; that said sentence was by said Court suspended and said defendant placed on Probation; that on May 27th, 1947; said Probation of this Defendant was revoked by the Circuit Court of Dallas County, Alabama, and the sentence of 2 years was ordered to be served by the said Defendant, Joe Sheppard.

You are Therefore Commanded to forthwith arrest the said Joe Sheppard and deliver him into the custody of the proper authorities.

Witness my hand this 29th day of July, 1947.

P. K. Barnes
Clerk of the Circuit
Court of Dallas
County, Alabama."

The above warrant on its face clearly shows that it was issued, not for the purpose of bringing petitioner into custody and determining whether his probation should be revoked, but as a means of returning petitioner to jail and ultimately to the penitentiary because of, and *after,* his probation had already been revoked.

We think therefore that clearly the question of the legality of the revocation of this petitioner's probation must determine the validity of this warrant under which petitioner is held. This involves a determination of whether, under our statute, a hearing is mandatory prior to the revocation of probation.

This question has been passed on by the Supreme Court of the United States in Escoe v. Zerbst, Warden, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566, in construing the federal probation act.

The federal act, after providing for the arrest of the probationer by a probation officer at any time during the period of probation, and without a warrant, further provides: "Thereupon such probationer shall forthwith be taken before the court." See Section 725, Title 18 U.S.C.A.

Our statute, after providing the conditions for the arrest of the probationer, provides further: "Thereupon the court, *after a hearing,* may revoke the probation," etc. (Italics ours). Thus both statutes are highly similar in these particular provisions.

In the course of his opinion in Escoe v. Zerbst, Warden, supra, [295 U.S. 490, 55 S.Ct. 819] Mr. Justice Cardozo, in concluding that the revocation of a probation without a hearing was void under the federal probation statute, wrote as follows:

"Probation or suspension of sentence comes as an act of grace to one convicted of a crime, and *may be coupled with such conditions in respect of its duration as Congress may impose.* Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. But the power of the lawmakers to dispense with notice of a hearing as part of the procedure of probation does not mean that a like dispensing power, in opposition to the will of Congress, has been confided to the courts. The privilege is no less real because its source is in the statute rather than in the Fifth Amendment. If the statement of the Congress that the probationer shall be brought before the court is command and not advice, it defines and conditions power. French v. Edwards, 13 Wall. 506, 511, 20 L.Ed. 702. The revocation is invalid unless the command has been obeyed.

We find in this statute more than directory words of caution, leaving power unaffected. This is so if we consider the words alone, putting aside for the moment the ends and aims to be achieved. The defendant 'shall be dealt with in a stated way; it is the language of command, a test significant, though not controlling. Richbourg Motor Co. v. United States, 281 U.S. 528, 534, 50 S.Ct. 385, 74 L.Ed. 1016, 73 A.L.R. 1081 Doubt, however, is dispelled when we pass from the words alone to a view of ends and aims. Clearly the end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation. The charge against him may have been inspired by rumor or mistake or even downright malice. He shall have a chance to say his say before the word of his pursuers is received to his undoing. This does not mean that he may insist upon a trial in any strict or formal sense. Burns v. United States, supra, 287 U.S. 216, at pages 222, 223, 53 S.Ct. 154, 77 L.Ed. 266. It does mean that there shall be an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has been abused by the failure of the inquisitor to carry the probe deeper. Burns v. United States, supra. That much is necessary, or so the Congress must have thought, to protect the individual against malice or oppression. Almost equally it is necessary, if we read

aright the thought of Congress, for the good of the probation system with all its hopes of social betterment.

"If these are the ends to be promoted by bringing the probationer into the presence of his judge, the act is seen at once to be mandatory in meaning as well as mandatory in form. Statutes are not directory when to put them in that category would result in serious impairment of the public or the private interests that they were intended to protect. French v. Edwards, supra; Lyon v. Alley, 130 U.S. 177, 185, 9 S.Ct. 480, 32 L.Ed. 899; Erhardt v. Schroeder, 155 U.S. 124, 128, 130, 15 S.Ct. 45, 39 L.Ed. 94. Such is the situation here. When a hearing is allowed but there is error in conducting it or in limiting its scope, the remedy is by appeal. When an opportunity to be heard is denied altogether, the ensuing mandate of the court is void, and the prisoner confined thereunder may have recourse to habeas corpus to put an end to the restraint."

■ If in that portion of the opinion above quoted we substitute the word "Legislature" for the word "Congress" what is there written is in its clear reasoning and cogent language strikingly applicable to, and decisive of, this case. Such conclusion is rationally unescapable. We therefore hold that under Section 24, Title 42, Code of Alabama 1940, a hearing by the court prior to revocation is mandatory and jurisdictional. A warrant of arrest issued without such hearing is void. This cause is therefore due to be affirmed, and it is so ordered.

Affirmed.