241 So.2d 339

**Hubert W. MARTIN, alias**

v.

**STATE.**

**1 Div. 75.**

Court of Criminal Appeals of Alabama.

Oct. 6, 1970.

Rehearing Denied Nov. 17, 1970.

Thomas M. Haas, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

CATES, Judge.

Appeal from revocation of probation.

The judgment entry reads:

"ORDER REVOKING PROBATION

"12/18/69; Comes the State of Alabama by its Solicitor, comes the Defendant also in his own proper person and the Court hearing the State's motion to revoke the Defendant's probation is of the opinion that the same should be granted.

"It is therefore ordered and adjudged by the Court that the Defendant's probation be and the same is hereby revoked and the Defendant is ordered to serve the original sentence of five (5) years imprisonment in the State Penitentiary."

The record does not contain the State's motion to revoke. Nor is there before us any copy of the probation officer's report.

Assignments of error 2, 3 and 4 read as follows:

"2. The Court erred in revoking the probation of the Defendant without a legal and proper hearing as required by law, when the revocation of the probation was entered, or prior thereto, on December 18, 1969.

"3. The Court erred in revoking the probation of the Defendant on December 18, 1969, without the Defendant having advice of Counsel or any Attorney to represent him, or to aid and assist in his defense.

"4. The Court erred in revoking the probation of the Defendant on December 18, 1969, in the absence of any evidence to substantiate or justify such action by this Court."

■ Code 1940, T. 42, § 24, as amended, reads in part: "* * * Thereupon the court, after a hearing, may revoke the probation * * *." A hearing is mandatory. McCain v. Sheppard, 33 Ala.App. 431, 34 So.2d 225. But the absence of counsel for a defendant at a probation revocation hearing [1] is not a denial of due process under our probation statute. For aught that appears, Martin may have been content to go without counsel until he woke up to the reality of a trip to the penitentiary.

II

The circuit judge may either (1) issue a warrant for arrest or (2) may act on a probation officer's written report of arrest. § 24, supra. In either case a hearing is called for. The proceeding is much like a show cause hearing.

■ The conduct of the hearing need not be formal nor bound by the rules of evidence usual for jury trials. Thus, when the probation officer files his report of a

---

1. See discussion in Winchester v. State, 45 Ala.App. 24, 221 So.2d 700.

violation it can serve as both pleading and proof [2] to support a prima facie case for revocation. The initial burden of persuasion has been met and the prisoner must then counter it if he can.

As was said in State v. Duncan, 270 N.C. 241, 154 S.E.2d 53:

"Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566. A proceeding to revoke probation is not a criminal prosecution, and we have no statute requiring a formal trial. Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt. * *

"In State v. Brown, supra, 253 N.C. 195, 116 S.E.2d 349, the court held that in a hearing to determine whether defendant had violated the terms of a suspended sentence, the introduction in evidence of the minutes of a recorder's court to show that defendant had pleaded guilty to a criminal charge in that court will not be held prejudicial evidence, since rules of evidence are not so strictly enforced in a hearing by the judge as in a trial by jury. It has been generally held that a hearing of this character does not embrace the right to a trial by jury upon the issue of whether the terms of a suspended sentence or probation have been violated. Annot. 29 A.L.R.2d 1109.

"All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended. Judicial discretion implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and is 'directed by the reason and conscience of the judge to a just result.' * * *.

*    *    *    *    *    *

"Judge McLaughlin had before him the verified report of the State Probation Officer Greeson stating in detail alleged violations of the conditions of probation by defendant. We hold that that was competent evidence. Judge McLaughlin in his order revoking probation stated that the cause was heard. * * *."

■ That the instant record contains no evidence does not necessarily lead to the presumption that no evidence was taken before the circuit judge. The statute abolishing bills of exceptions puts the appellant to the task of activating the court reporter. Michie's 1958 Code, T. 7, § 827(1), 2d sent.

In McNeely v. State, Fla.App., 186 So. 2d 520, the court says:

"The appellant complains of hearsay evidence. The revocation will stand even though hearsay has been introduced provided there is other evidence on which the trial judge can base his decision.

*    *    *    *    *

"The potential danger in approving an informal-summary type hearing is great. However, the entire probation process is a privilege and those to whom the arms of mercy have been extended should indeed conduct themselves accordingly. As stated, the purpose is to determine if good behavior has been tainted by bad conduct. It is true that the probation conditions are often broad and can easily be broken but it is only by grace that freedom is enjoyed in the first place. There is no doubt that the

review power may be abused by a trial judge. But as stated in Cloud v. Fallis, Fla.App.1958, 107 So.2d 264, which quoted from Shultz v. Pacific Insurance Co., 1872, 14 Fla. 73:

" ' * * * It is much better however, that exceptional cases of its improper exercise should be endured than that the security which it affords should be withdrawn. * * *'

"In summary, a probation revocation hearing is not required to meet the standards of a full scale criminal trial by having a separate hearing for an arraignment; the inquiry may be on an informal basis; the trial judge has broad judicial discretion to determine whether conditions of probation have been violated; and the trial court does not have to observe the strict rules of evidence."

Hence, we cannot on a naked record hold that there was no evidence before the circuit judge. Omnia praesumuntur legitime facta donec probetur in contrarium.

### III

 The State's motion to strike is not well taken: the record filed shows assignments of error.

### IV

Error not being made to appear, the judgment below is

Affirmed.