**Earnest GALLOWAY, Petitioner-Appellant,**

v.

**ATTORNEY GENERAL, Respondent-Appellee.**

**No. 71-2795**

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1971.

John Gorman, pro se.

Gerald J. Gallinghouse, U. S. Atty., New Orleans, La., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

---

\* [1] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

358

Earnest Galloway, pro se.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

The appellant is presently serving a sentence for conviction of a federal offense allegedly committed while he was on parole from a prior federal sentence. He has sought relief from the parole violator's warrant which the Parole Board intends to execute upon expiration of his present sentence.

Appellant contended that it is improper for the Parole Board to delay his revocation hearing until expiration of the later sentence. As the district court held, there is clearly no merit to this contention. Cox v. Feld-Kamp, 5th Cir. 1971, 438 F.2d 1, and cases there cited.

In his reply brief, the appellant alleges that the parole violator's warrant actually was executed on April 1, 1971, without according him the hearing required by 18 U.S.C. § 4207. We note that this allegation is refuted by an affidavit of a prison official, which is in the record. This affidavit, sworn to on May 14, 1971, states that the appellant "will be afforded a revocation hearing before the first Parole Board meeting *after the warrant has been executed.*" (Emphasis supplied.) We pretermit decision of this point, however, since it never has been presented to the district court for ruling. Hemming v. United States, 5th Cir. 1969, 409 F.2d 11, 12.

The order appealed from is affirmed.

Affirmed.