**Earl Thomas MOULTRIE, Petitioner-Appellant,**

v.

**STATE OF GEORGIA, County of Richmond, Georgia Board of Pardons and Parole, Respondent-Appellee.**

No. 72–1746

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 19, 1972.

Earl Thomas Moultrie, pro se.

Arthur K. Bolton, Atty. Gen., William F. Bartee, Jr., Courtney Wilder Stanton, Asst. Attys. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

Petitioner, a South Carolina prisoner, seeks removal of a detainer lodged against him by the State of Georgia. While on parole with two years to run

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

on a Georgia sentence for burglary, petitioner was convicted· of armed robbery and sentenced to twelve years confinement in South Carolina. Georgia temporarily revoked his parole and filed a detainer.

 Petitioner's *pro se* application for a writ of habeas corpus asserts that his constitutional right to a speedy trial compels a dismissal of the detainer because Georgia has denied his request for a hearing on the parole revocation. However, the right to a speedy trial is not applicable to parole revocation proceedings. Lipscomb v. United States Board of Parole (5th Cir. 1972) [No. 71–2505, January 3, 1972]; Cox v. Feldkamp, 438 F.2d 1 (5th Cir. 1971). Georgia law requires a hearing but where a person has committed a crime in another state, has been convicted, and is incarcerated in that state, it is not unconstitutional to delay the parole revocation hearing until expiration of that later sentence. Galloway v. Attorney General, 451 F.2d 357 (5th Cir. 1971).

■ Petitioner's contention that the expiration date of his original sentence has passed so that the detainer should be discharged is likewise without merit. The violation of the conditions of his parole interrupted the running of his sentence so that it has not expired. Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923).

■ Petitioner's real complaint is that he cannot return to Georgia to serve out the lesser sentence there so that it will not affect the conditions of his longer confinement in South Carolina. He alleges that because of the Georgia detainer, South Carolina policy forbids his transfer from maximum detention and precludes him from becoming a trusty, engaging in work release and vocational training programs, or participating in other rehabilitative activities. While recognizing the plight in which petitioner finds himself, we perceive no constitutional relief available to him in this jurisdiction.

The district court correctly denied the petition for writ of habeas corpus.

Affirmed.