318 So.2d 744

**Larry Donell NICHOLSON**

v.

**STATE.**

**4 Div. 330.**

Court of Criminal Appeals of Alabama.
July 29, 1975.

James M. Prestwood, Andalusia, for appellant.

**4**

William J. Baxley, Atty. Gen., and Kermit M. Downs, Asst. Atty. Gen., for the State.

CLARK, Supernumerary Circuit Judge.

This appeal is from a revocation of probation.

On April 18, 1973, appellant, after pleading guilty, was found guilty of manslaughter in the first degree and sentenced to imprisonment in the penitentiary for a term of a year and a day. He was placed on probation for a period of five years. On December 6, 1974, his probation was revoked, after a hearing on a charge that he had violated one or more of the conditions of his probation.

The judgment appealed from recites as the basis for the revocation of probation the following:

"The Court having heard the evidence finds from the evidence that the Defendant violated the conditions of his probation in that he was in possession of Marijuana, possession of Marijuana smoking paraphernalia and using marijuana."

There was evidence on the hearing that appellant had been convicted in the recorder's court of the City of Florala on charges of possession of "marijuana" (hereinafter spelled accordingly and in accordance with the record and briefs) and possession of narcotic paraphernalia and fined $200 and costs in each case. The chief of police of Florala testified that he had arrested appellant, after finding at appellant's home a small quantity ("a penny match box full") of marijuana and a pipe, in which there was residue, and that appellant stated he had "used it [the pipe] to smoke marijuana with." Appellant testified he had admitted that he had smoked marijuana in the pipe and that he had had marijuana in his possession. Upon being asked whether he stated to the probation officer that he had the marijuana and had smoked it in the pipe, he stated:

"If I recall correctly, he asked me on the way bringing me in have I ever smoked the stuff? If I were using it for my personal use or for sale? I told him it was for my personal use?"

Appellant's only insistence on error in the revocation of probation may be divided into two parts:

(1) That appellant was not provided counsel at the hearing in the Recorder's Court of Florala and "this illegality was compounded when the conviction in the Recorder's Court served as a vehicle by which the Appellant's probation was revoked."

(2) That possession of marijuana was not proved by competent evidence on the revocation of probation hearing.

■ As to (1), appellant finds comfort in *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, holding that an order of imprisonment by a municipal court is invalid as unconstitutional when imposed upon a defendant without counsel, in the absence of a knowing and intelligent waiver of his right to counsel. We see no

occasion to delve into implications or extensions of *Argersinger,* in the absence of any contention by appellant for the application of any such implication or extension. Furthermore, the record here shows that the trial court based its judgment of revocation chiefly upon appellant's admission in open court on the revocation hearing, while testifying as a witness called by his counsel. In response to the argument of his counsel that it was not a case for revocation, the trial judge stated:

"I don't know whether there was or not before the defendant got up and admitted having it. But I am going to revoke his probation."

As to appellant's other asserted reason for a reversal, we are confident that there was sufficient evidence, separate and apart from the records of his conviction in the recorder's court admitted without objection in evidence on the revocation of probation hearing, to justify the judgment of the trial court that defendant was in possession of marijuana, possession of marijuana smoking paraphernalia and using marijuana. As stated in *Martin v. State,* 46 Ala.App. 310, 241 So.2d 339:

"As was said in *State v. Duncan,* 270 N.C. 241, 154 S.E.2d 53:

'Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to, a crime. *Escoe v. Zerbst,* 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566. A proceeding to revoke probation is not a criminal prosecution, and we have no statute requiring a formal trial. Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt.' * * *"

It was stated in *Phillips v. State,* 52 Ala. App. 297, 291 So.2d 751:

"There is no criterion or measure of proof required to revoke probation. Only a gross abuse of discretion will justify disturbing the trial court's conclusions. *Williams v. State,* 40 Ala.App. 139, 109 So.2d 145."

In view of our citation of *Phillips,* it possibly should be noted here that in this case there was a warrant of arrest issued by the trial judge, which is one of the alternate prerequisites to a determination of probation prescribed by T. 42, § 24, Code of Alabama 1940, and that in the case now before us no attack is made upon the original judgment of conviction and sentence, the opposite being true in *Phillips,* wherein it was rightly held that a failure to observe one of the statutory prerequisites invalidates a revocation of probation and that a failure to comply with the requirements of *Boykin v. Alabama,* 359 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, vitiates the original conviction on a plea of guilty as well as any revocation of probation thereafter ordered.

The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by Supernumerary Circuit Judge Leigh M. Clark, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment below is hereby

Affirmed.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., and SIMMONS, Supernumerary Circuit Judge, concur.

CATES, P. J., not sitting.