DeCARLO, Judge.
This is an indigent appeal from a revocation of probation where, after a hearing, a five year sentence was reinstated.
On June 21, 1974, the appellant pled guilty to the offense of burglary in the second degree and was sentenced to five years imprisonment, which was later suspended when he was granted probation.
On September 13, 1974, a writ of habeas corpus ad prosequendum was issued by Shelby County Circuit Court, asking that the appellant, Carl Brantley, who was then incarcerated in Jefferson County Jail, be brought to Shelby County for the purpose of a probation revocation hearing on September 18, 1974. In that order, the court stated that the purpose of the hearing was to afford the appellant an opportunity to give testimony concerning the second degree burglary case bearing the Shelby County Circuit Court number 12402.
The appellant entered a plea of guilty to a charge of burglary in the second degree on December 13,1974, and was sentenced to 24 months hard labor for Shelby County. The court ordered that the sentence in this case bearing Shelby County Circuit Court number 12402, should run concurrent with a sentence and judgment of the case bearing Jefferson County Circuit Court number 110373.
A probation delinquency report was filed on May 31, 1976, with the Shelby County Circuit Court, and a probation hearing was set for June 18,1976. A copy of the court’s order along with the probation delinquency report, was served upon appellant’s appointed counsel and the district attorney.
During the hearing the appellant through his counsel insisted that his previously filed motion for the case’s dismissal be granted because the appellant was not afforded a speedy hearing. The motion was overruled and the defendant without offering any evidence rested his case. The court determined that due to appellant’s having been adjudged guilty of burglary in case number 12402 and sentenced to 24 months hard *902 labor, his probation should be revoked and the five-year sentence in case number 12246 reinstated.
The appellant complains that the refusal of his request to dismiss the case because he was not granted a speedy hearing was error. He argues that the offense for which his probation was revoked occurred in 1974, and that he had remained in the custody of the State of Alabama, except for a short period during which he is alleged to have escaped.
The application of the speedy trial principle to probation revocation hearings has not been determined in Alabama. This is the first occasion when such an insistence has been made. It is our judgment that a probation violator’s warrant could be issued and probation revoked any time before the expiration of the term for which probation was granted. The right to a speedy trial is not involved. Cox v. Feidkamp, 438 F.2d 1 (5th Cir. 1971); Moultrie v. State of Georgia, 464 F.2d 551 (5th Cir. 1972).
The facts in this case indicate that prior to the revocation hearing, appellant was serving a valid sentence and did not serve any additional time because of the delay.
There was no error in refusing the motion.
AFFIRMED.
TYSON, HARRIS and BOOKOUT, JJ., concur.