On June 3, 1974, appellant was adjudicated a youthful offender by the Circuit Court of Baldwin County under an indictment charging forgery. He received a sentence of two years, which was suspended, and he was placed on probation for three years. On August 6, 1976, a proceeding to revoke his probation was instituted. On February 2, 1977, a probation revocation hearing was conducted wherein it was shown that appellant had been convicted on June 30, 1976, in the Circuit Court of Mobile County on six charges of forgery. At the probation revocation hearing appellant was present and represented by counsel. His probation was revoked, and he was ordered to serve the sentence imposed on him on June 3, 1974. This appeal is from the order of revocation and reinstatement of his sentence. *Page 125 
The evidence on the probation revocation hearing consisted of duly certified official documents showing appellant's conviction in the Circuit Court of Mobile County, documents of probation officers, the testimony of the Baldwin County probation officer, and the testimony of appellant. It was established on the hearing that appellant had a criminal record in Mobile County and had been placed on probation by the Circuit Court of Mobile County prior to his conviction on the six charges of forgery on June 30, 1976, and that sometime prior to that date such probation had been revoked by the Circuit Court of Mobile County. The evidence also shows that it was understood between the probation office in Mobile County and the probation office in Baldwin County that the probation office in Mobile County was to supervise appellant's probation cases.
On the hearing in the case under review, counsel for the probationer-appellant took the position that he was denied "a swift and speedy probation hearing" and that the delay of approximately seven months between the occurrence or occurrences that prompted the proceeding to revoke and the hearing that culminated in the revocation vitiated the order of revocation. In an opinion by Judge DeCarlo, we have recently held to the contrary:
 "The application of the speedy trial principle to probation revocation hearings has not been determined in Alabama. This is the first occasion when such an insistence has been made. It is our judgment that a probation violator's warrant could be issued and probation revoked anytime before the expiration of the term for which probation was granted. The right to a speedy trial is not involved. Cox v. Feldkamp, 438 F.2d 1 (5th Cir. 1971); Moultrie v. State of Georgia, 464 F.2d 551 (5th Cir. 1972)." Brantley v. State, Ala.Cr.App., 340 So.2d 901 (1976).
During the hearing there was an objection by probationer's counsel to a question asked the Baldwin County probation officer relative to the report of the Mobile County probation officer, on the ground that the report was not made by the witness. The objection was overruled. Promptly after the overruling of the objection, State's counsel interrogated the witness as to the receipt by him of the report in the regular course of business. Thereafter, counsel for probationer questioned the witness as to the report. It seems that the only question to which the objection was made was never answered by the witness, other than as it may have been answered by his testimony in response to other questions asked him by counsel for the State, or in his testimony in reply to questions asked by counsel for the probationer. No injury resulted to appellant from the overruling of the objection. Furthermore, a proceeding to revoke probation is not a criminal prosecution, and on a hearing thereof, the court is not bound by strict rules of evidence. Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975); Martin v. State, 46 Ala. App. 310, 241 So.2d 339 (1970);Nicholson v. State, 56 Ala. App. 3, 318 So.2d 744 (1975).
The trial court was well within its rightful exercise of discretion in revoking appellant's probation. There is no definite criterion or measure of proof necessary to justify the revocation of one's probation. Only a gross abuse of discretion will justify the reviewing court in disturbing the trial court's conclusions. Williams v. State, 40 Ala. App. 139,109 So.2d 145 (1959); Nicholson v. State, supra.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment is hereby
AFFIRMED.
All the Judges concur. *Page 126