LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment revoking appellant’s probation. In the “STATEMENT OF THE CASE” in his brief is the following:
“Appellant was on probation for burglary in the third degree as the result of conviction of same on July 27, 1981. The State filed a motion to revoke his probation because of a subsequent arrest for murder, drunk driving, LSA, improper tag, driving while license revoked.
“Probation was revoked by the Circuit Court after hearing on February 18,1982. “This attorney was appointed on this appeal which followed.”
According to the undisputed evidence, on the morning of January 2, 1982, “an old lady” was “run over” by a “white Pontiac about a ’66 or ’65” at the intersection of Broad and New Jersey Streets in Mobile. The automobile left the scene without stopping. A bystander testified that he obtained the number of the license tag and turned it over to one of two law enforcement officers who had been promptly notified of the incident and had commenced their investigation. One of them arrived before the victim was removed from the street and obtained from a bystander a description of the automobile and the number of the license tag. After receiving this information, the officer went promptly to “Elmira and George” and located the vehicle. The car had stopped in front of a house from which a man appeared and told the officer that somebody had just gotten out of the car “and pointed him out down the street walking away from the car.” Thereupon, the officer drove to the man and identified him as Odell Tankersley, who said that “he didn’t know that he had hit somebody,” that he had been drinking that morning and “that he did not have a driver’s license.”
The only contention made in appellant’s brief for a reversal is the following:
“The reviewing judge committed reversible error in allowing the test results of an intoxication test to be admitted in evi *819 dence over a timely objection where the State had failed to establish that the person administering the test was duly licensed, and no duly certified and authenticated copy of the methods or regulations duly adopted by the State Board of Health for operation of law enforcement agencies of the test machine, and where there was no proof the test had been adopted by the City Police Department as its method of testing drunk driving offenders.”
He concludes his argument by stating, “The Trial Court committed reversible error in admitting the test results into evidence.”
Appellant attempts to support his contention by the following authorities only:
“Patton v. City of Decatur, Ala.Cr.App., 337 So.2d 321 (1976); Pugh v. State, Ala.Cr.App., 343 So.2d 793 (1977), cert. denied [Ala.Cr.App.] 343 So.2d 795 (1977) and Weaver v. City of Birmingham, Ala.Cr.App., 340 So.2d 99 (1976).”
In each of the cases cited, the appellant had been convicted of driving a motor vehicle while intoxicated. In none of them was there involved the question of the validity of a judgment of revocation of probation.
Appellant apparently overlooks the fact that prior to, as well as in and thereafter, Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), it has been held with uniformity .generally, and in this jurisdiction particularly, that a proceeding to revoke probation is not a criminal prosecution and that on a hearing thereof the trial court is not bound by strict rules of evidence. Martin v. State, 46 Ala.App. 310, 241 So.2d 339 (1970); Buckelew v. State, 48 Ala.App. 418, 265 So.2d 202 (1972); Wright v. State, Ala.Cr.App., 349 So.2d 124 (1977); Bullock v. State, Ala.Cr.App., 392 So.2d 848, cert. denied, Ala., 392 So.2d 852 (1981); Free v. State, Ala.Cr.App., 392 So.2d 857, 859, cert. denied, Ala., 392 So.2d 859 (1981).
There is no merit in appellant’s contention as to admission in evidence, over defendant’s objection, of hearsay testimony. In no other respect does he attempt to show that the requirements and guidelines which must be met for minimal due process declared in Armstrong, supra, pursuant to Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), were not followed in the instant case, and we find no reasonable basis for such a contention. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.