Appellant was convicted of child molestation and sentenced to three years' imprisonment. On November 17, 1978, this sentence was suspended and he was placed on probation for four years. Appellant was arrested on May 12, 1982, on a probation violator's warrant issued January 21, 1982.
A probation hearing was held on two separate occasions. Appellant presented witnesses in his behalf on July 13, 1982. The case was then continued until July 26, 1982, when the State presented its witnesses. At the conclusion of the State's case, the trial court found that the appellant had "violated the terms and conditions of his Probation by committing an act of Indecent Exposure in the presence of a young female child, the age of eleven, and also by failing to report to the Probation Office as required" and revoked appellant's probation. *Page 687 
 I
Appellant asserts that his 5th and 14th Amendment rights to due process were violated because he was not given a preliminary hearing at the time of his arrest and detention. He relies on Gagnon v. Scarpelli, 411 U.S. 778, 779,93 S.Ct. 1756, 1758, 36 L.Ed.2d 656 (1973), and Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), arguing that these cases require that a probationer be given both a preliminary and a final revocation hearing.
The Alabama Supreme Court has set forth "the requirements and guidelines which must be met for minimal due process to be accorded the probationer under Morrissey and Gagnon before his probation can be revoked." Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975). In setting forth those requirements, the Supreme Court stated:
 "7. We see no valid reason for having two hearings if the probationer has been given sufficient notice of the charges and the evidence to be relied on for revocation of probation. If the probationer has not had time to prepare to refute the charges and evidence against him, he can have a timely continuance."
It is very clear from the record that appellant was given sufficient notice of both the charges against him and the evidence to be relied on. No contention is made to the contrary. Further, every requirement under Armstrong was complied with. Therefore, we find no violation of appellant's due process rights.
 II
Appellant contends that the evidence was not sufficient to sustain his probation revocation.
"There is no definite criterion or measure of proof necessary to justify the revocation of one's probation." Wright v. State,349 So.2d 124 (Ala.Cr.App. 1977). The evidence need not "be strong enough to convince the court beyond a reasonable doubt that the probationer has violated a term of his probation",Carter v. State, 389 So.2d 601 (Ala.Cr.App. 1980); it needs only to reasonably satisfy the court of the truth of the charge. Goodrum v. State, 418 So.2d 942 (Ala.Cr.App. 1982). Absent a gross abuse of discretion, the trial court's ruling in a probation revocation will not be disturbed by this Court.Wright, supra. We find no abuse of discretion in this case.
For the reasons stated above, the judgment of the Madison Circuit Court is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 922