BOWEN, Presiding Judge.
This is an appeal from a revocation of probation. Two issues are raised on appeal.
I
Lawrence E. Lamar pled guilty as a youthful offender to a charge of theft of property in the second degree and was placed on two years’ probation. During that time he was arrested for receiving stolen property.
At the probation revocation hearing, the State presented Lamar’s statement to Pike County Deputy Sheriff Robert Bradbury, wherein Lamar admitted his involvement in the sale of some stolen firearms.
Lamar contends that this confession was involuntary and coerced because Deputy Bradbury advised him that he could still be charged with first degree burglary. The Deputy testified that he did this because Lamar “was upset about the severity of the charge.” Lamar did not testify but argues that the Deputy made this statement “for no other reason than to put pressure on him to make a statement to prevent him from being charged with a more serious offense even though he knew the Defendant could not be so charged.”
In his order revoking probation, the circuit judge found that the confession was voluntary and that Lamar had not been “coerced or threatened or offered any promise or hope of reward.”
Our review of the totality of the circumstances surrounding the confession convinces this Court that Lamar’s statement was not induced by a threat that he would be prosecuted for a more serious offense if he did not confess. Lamar himself initiated the conversation about the seriousness of the charge. Deputy Bradbury merely confronted Lamar with the evidence they had against him and the charges that could be brought. Although there was no evidence *1195 that Lamar was involved in a burglary, we find that the Deputy’s statement was not made to delude Lamar as to his true position, or to exert improper and undue influence over his mind and will. Dunkins v. State, 437 So.2d 1349, 1353 (Ala.Cr.App.), affirmed, Ex parte Dunkins, 437 So.2d 1356 (Ala.1983), cert. denied, Dunkins v. Alabama, - U.S. -, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984).
Since we have found that the confession was voluntarily given and not coerced, we need not address Lamar’s argument that the exclusionary rule applies in probation revocation proceedings. See N. Cohen and J. Gobert, The Law of Probation And Parole § 9.13 (1983).
II
Lamar contends that he was denied his right to cross examine the probation officer on the contents of the probation report.
At the revocation hearing, Lamar called the probation officer to testify as his witness to the effect that the receiving stolen property charge might be disposed of by a guilty plea and plea bargain agreement with a possible sentence of probation. The probation officer was not questioned about any probation report.
The Deputy and the probation officer were the only witnesses to testify at the revocation hearing. After the testimony was taken, the hearing was continued for 13 days to allow the parties to supply the court with authority regarding the admissibility of the confession.
When the hearing was reconvened, the judge found the confession voluntary and admissible and revoked Lamar’s probation: “I’m going to rule that the Defendant has violated the terms of his probation based on the probation officer’s report and the testimony taken before the Court and revoke that probation and order that the sentence be served.” (Emphasis added). In his written statement of the evidence relied on and the reasons for revoking probation required by Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), the circuit judge did not mention the probation report. However, in a minute entry on the initial charge of second degree theft, the judge noted: “Thereupon, the Court, having heard the evidence and having access to the report of the Probation Officer on June 5,1984, finds that the defendant, Lawrence E. Lamar, has violated the conditions of the order of probation previously entered and that said probation is due to be revoked.”
In this state, proceedings for the revocation of probation are usually begun with the filing of a report of delinquency by the probation officer. See Martin v. State, 46 Ala.App. 310, 311-312, 241 So.2d 339 (1970) (“Thus, when the probation officer files his report of a violation it can serve as both pleading and proof to support a prima facie case for revocation.”). In his brief, Lamar admits that his attorney was served with a copy of the report. (Appellant’s Brief, p. 1). Lamar called the probation officer as his own witness but did not question him about the report. No objection was made in the circuit court to the court’s consideration of the report. On appeal, it is not claimed that the report contained inaccurate or incorrect information.
It is unreasonable to assume that the judge will not read and consider the delinquency report of a probation officer when the revocation proceedings have been instituted by the filing of that report. Just as it is essential that the probationer receive written notice of the claimed violations of probation, it is imperative that the judge be familiar with the alleged conduct of the probationer constituting a violation of a term or condition of his probation.
Lamar’s argument is without merit. It is clear to this Court that, although the judge considered the probation report, the revocation of probation was based on the testimony presented at the hearing. The judgment of the circuit court revoking probation is affirmed.
AFFIRMED.
All Judges concur.