**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 17, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ABEL SAENZ-JURADO,

          Petitioner - Appellant,

v.

JOHN W. SUTHERS, The Attorney
General of the State of Colorado,

          Respondent - Appellee.

No. 10-1170
(D. Colorado)
(D.C. No. 1:09-CV-03018-ZLW)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **MURPHY**, **GORSUCH,** and **HOLMES**, Circuit Judges.

This matter is before the court on Abel Saenz-Jurado's pro se requests for a

certificate of appealability ("COA") and for permission to proceed on appeal *in*

*forma pauperis*. Saenz-Jurado seeks a COA so he can appeal the district court's

dismissal, on timeliness grounds,[1] of his 28 U.S.C. § 2241 petition. *See* 28 U.S.C.

§ 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a

habeas proceeding in which the detention complained of arises out of process

issued by a State court" unless the petitioner first obtains a COA); *Montez v.*

---

[1]28 U.S.C. § 2244(d)(1) (setting out a one-year statute of limitations on
habeas petitions running from the date on which the conviction became final).

*McKinna*, 208 F.3d 862, 867 n.6 (10th Cir. 2000) ("[A] federal prisoner seeking to challenge a detainer arising out of process issued by a state court must obtain a COA in order to appeal a district court order denying relief."). We **grant** Saenz-Jurado's request to proceed on appeal *in forma pauperis*. Because he has not, however, "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), this court **denies** Saenz-Jurado's request for a COA and **dismisses** this appeal.

The granting of a COA is a jurisdictional prerequisite to Saenz-Jurado's appeal from the denial of his § 2241 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Saenz-Jurado must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). When a district court dismisses a § 2241 petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000). "Each component of [this necessary] showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a

fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. In evaluating whether Saenz-Jurado has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Although he need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Saenz-Jurado is currently in the custody of the United States Bureau of Prisons serving a 159-month sentence for conspiracy to possess with intent to distribute 500 grams or more of cocaine. In his § 2241 motion, Saenz-Jurado challenges a detainer lodged against him by Colorado state officials. Saenz-Jurado asserts that Colorado's refusal to timely adjudicate his parole-revocation petition violates his Sixth Amendment right to a speedy trial. In resolving the § 2241 petition, the federal district court first set out at length the numerous procedural machinations surrounding Saenz-Jurado's attempts to have the Colorado state courts adjudicate his parole revocation proceedings. The district court ultimately concluded Saenz-Jurado's petition was time barred pursuant to § 2244(d). This court need not determine whether the district court's procedural ruling is correct because Saenz-Jurado has not stated a debatable constitutional claim. *Slack*, 529 U.S. at 485.

By its very terms, the Sixth Amendment applies only to criminal prosecutions. U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ."). The Supreme Court has made clear that parole revocation "is not a stage of a criminal prosecution." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). Accordingly, courts have uniformly concluded the Sixth Amendment right to a speedy trial does not apply to parole revocation hearings. *See, e.g.*, *Bennett v. Bogan*, 66 F.3d 812, 818 (6th Cir. 1995); *United States v. Williams*, 558 F.2d 224, 226 (5th Cir. 1977); *Moultrie v. Georgia*, 464 F.2d 551, 552 (11th Cir. 1972); *Kartman v. Parratt*, 535 F.2d 450, 455 (8th Cir. 1976). Nor can Saenz-Jurado make out a due process claim under the facts of this case. *Moody v. Daggett*, 429 U.S. 78, 86-91 (1976) (holding under circumstances remarkably similar to those in instant case that parole commission was under no constitutional duty to adjudicate a parole-revocation warrant until that warrant was executed and the parolee taken into custody as a parole violator).

Because Saenz-Jurado has not stated a debatable constitutional claim in his habeas petition, he is not entitled to a COA. *Slack*, 529 U.S. at 485.

Accordingly, this court **DENIES** Saenz-Jurado's request for a COA and

**DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge