This is an appeal from a summary judgment adverse to plaintiff Hazel L. Desroches in her action for damages for the deaths of her two sons, allegedly as a result of the negligence of defendants in a collision between two motor vehicles. The defense to that action was accord and satisfaction based upon a release. This case arose from a traffic accident which occurred on 26 March 1977 in which one son of plaintiff was killed instantly and the other died five days later from injuries sustained in it.
Within a few days of the death of the second son, an insurance adjuster representing defendants visited plaintiff and expressed his opinion, based on his investigation of the accident, that plaintiff's son operating the vehicle was at fault in the accident. He nevertheless, offered to pay the funeral expenses for both sons in an aggregate amount of $5000. Plaintiff later accepted this money and on 23 May 1977, signed release agreements and covenants not to sue in the office of defendants' attorney.
Plaintiff retained counsel in March, 1979, and on her attorney's advice tendered return of $5000 to defendants, claiming to *Page 418 
thereby rescind the release agreements. Defendants refused the tender and thereupon, on 23 March 1979, plaintiff filed suit.
Defendants, as their principal defense, pleaded accord and satisfaction. They also counterclaimed for breach of the releases and covenants not to sue. On motion of defendants, the trial court ordered separate trials of the issues of liability and validity of the release agreements. Summary judgment in favor of defendants was entered on the latter issue.
Initially, we consider plaintiff's contention that the trial court exceeded its discretionary authority under Rule 42, ARCP, to order separate trials on the issues of liability and the validity of the releases. For resolution of this issue we need look no further than subsection (c) of Rule 18, ARCP, which states:
 (c) Liability insurance coverage. In no event shall this or any other rule be construed to permit a jury trial of a liability insurance coverage question jointly with the trial of a related damage claim against an insured.
Turning to the question of whether the motion for summary judgment was properly granted, plaintiff opposed defendants' motion on theories that the releases were procured by fraud and plaintiff, in signing the releases, lacked the requisite mental capacity to comprehend her actions. Consequently, she argued, her attempted rescission was effective to void both releases.
On appeal, plaintiff submits there existed at least a scintilla of evidence of fraud and diminished mental capacity which mandated denial of the motion for summary judgment. Regarding these issues, plaintiff initially complains that the trial judge, at the hearing on the motion for summary judgment, erroneously stated that plaintiff would have to prove she wasnon compos mentis on the date of signing to void the agreements. Plaintiff also alleges the trial court erroneously ruled that certain statements of plaintiff and her husband about the circumstances surrounding the signing were inadmissable under the parol evidence rule, and further that testimony of a psychologist who first examined plaintiff in April 1980 would not be permitted.
No record of the proceedings at the hearing on the motion for summary judgment has been designated as part of the record on this appeal; therefore, we cannot consider plaintiff's allegations of statements and rulings made by the trial court at that hearing.
Plaintiff argues that it is inherently unfair to deny review of the proceedings at a hearing in which a court reporter is customarily not present, as was the situation here. However, in addition to her privilege to employ a reporter to record and transcribe the proceedings at the hearing on the summary judgment motion, plaintiff had available two devices for preserving a record of those proceedings under subsections (d) and (e) of Rule 10, ARAP:
 (d) Statement of the evidence or proceedings when no report was made or when the transcript is unavailable. If no record of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means source, including his recollection. The statement shall be served within 49 days (seven weeks) after notice of appeal on the appellee, who may serve objections or propose amendments thereto within seven days (one week) after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be filed with and included by the clerk of the trial court in the record on appeal.
 (e) Agreed statement as the record on appeal. In lieu of the record on appeal as defined in subdivision (a) of this rule, the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided in the trial court and setting forth only so many of the facts averred and proved or sought to be proved as are *Page 419 
essential to a decision of the issues presented. If the statement conforms to the truth, it, together with such additions as the court may consider necessary fully to present the issues raised by the appeal, shall be approved by the trial court and shall be certified to the appellate court to which such appeal is taken as the record on appeal and transmitted thereto by the clerk of the trial court within the time provided by Rule 11. Copies of the agreed statement may be filed as the appendix required by Rule 30.
Plaintiff pursued none of these available options.
"This court is bound by the record before it; and the burden is on the appellant to perfect and prosecute the appeal as required by law and the rules of this court and to see that all proceedings before the trial court are contained in the record on appeal." Zills v. Brown, 382 So.2d 528 (Ala. 1980).
Looking to the more substantive question of whether there existed a scintilla of evidence that the release agreements were procured by fraud or were signed by plaintiff while in a state of diminished mental capacity, we have carefully examined the pleadings, depositions, answers to interrogatories, and other documentary evidence offered in support of and in opposition to defendants' motion for summary judgment.
In reviewing these materials we are guided by the principles enunciated in Whatley v. Cardinal Pest Control, 388 So.2d 529
(Ala. 1980);
 Under Rule 56 of the Alabama Rules of Civil Procedure, summary judgment is appropriate only when the moving party has demonstrated, by the pleadings, answers to interrogatories, depositions and affidavits, that there is no genuine issue of material fact and that the movant is entitled to the requested relief as a matter of law. Campbell v. Alabama Power Co., 378 So.2d 718, 721 (Ala. 1979); Donald v. City National Bank, 295 Ala. 320, 329 So.2d 92, 94 (1976). Once the movant supports his motion by affidavits or other testimony, the adverse party may not rest upon the allegations or denials contained in his pleadings; he must respond and show that a material issue of fact does exist. Campbell v. Alabama Power Co., supra; Ray v. Midfield Park, 293 Ala. 609, 308 So.2d 686 (1975). Evidence offered in response to the motion, in the form of affidavits or otherwise, must be more than a mere verification of the allegations contained in the pleadings, Morris v. Morris, 366 So.2d 676, 678 (Ala. 1978); and must present facts which would be admissible into evidence. Morris v. Morris, supra; Oliver v. Brock, 342 So.2d 1, 4-5 (Ala. 1976); Hunter v. Austin Co., 336 So.2d 203, 206 (Ala.Civ.App. 1976); Wright 
Miller, Federal Practice and Procedure: Civil 2738. In the event the opposing party fails to offer any evidence to contradict that presented by the moving party, the court is left with no alternative but to consider that evidence uncontroverted. Mims v. Louisville Title Insurance Co., 358 So.2d 1028, 1029
(Ala. 1978); Donald v. City National Bank, supra.
Defendants offered undisputed evidence that plaintiff executed the releases sought to be voided. We find no shred of evidence in the record, other than the conclusory statements of plaintiff's pleadings and response to the motion for summary judgment, to support her claim that the execution of the releases on 23 May 1977, was attended by fraud or accomplished while plaintiff was in a state of diminished mental capacity.
No affidavit of plaintiff was filed in opposition to the motion for summary judgment. Plaintiff's brief on appeal makes reference to several passages of testimony in her deposition which tend to show plaintiff's mental duress resulting from the death of her sons. However, a reading of those passages reveals that the testimony relates only to the occasion on which plaintiff was visited at her home by the insurance adjuster, shortly after the accident; plaintiff has advanced no evidence of her diminished mental capacity some two months later, on or around 23 May 1977, the date on which the releases were signed. *Page 420 
Similarly, the record is void of evidence of any misrepresentations attending the signing of the releases; indeed, the only misrepresentations alleged by plaintiff were the adjuster's statements to plaintiff on 26 March 1977, when he opined that plaintiff's sons were at fault in the accident.
One of the essential elements which must be proved by one charging fraud is reliance. Code 1975, § 6-5-101; Woodham v.Nationwide Life Insurance Co., 349 So.2d 1110 (Ala. 1977). Counsel for plaintiff argues that plaintiff was relying on the adjuster's statements when she signed the releases almost two months later. However, no specific evidence to that effect was offered in opposition to the motion for summary judgment.
Furthermore, plaintiff's oral deposition affirmatively demonstrates an absence of reliance. During the conversation in plaintiff's home on 26 March 1977, the adjuster stated that his investigation revealed that the son who had been driving failed to dim his bright lights immediately prior to the collision. Plaintiff in her deposition testified she knew that statement to be false, because she had the dimmer switch taken out of the automobile some time before the accident, with the result that the headlights could not be placed on high beam. Additionally, plaintiff's own testimony discloses that she and her husband, who had received some training in accident investigation at a police academy, visited and examined the accident site and the wrecked automobile on numerous occasions, obtained a copy of the accident report and personally interviewed the investigating police officer who filed it, and at some point reached the conclusion that her son was not at fault in the accident. This being the case, as a matter of law, there could be no showing of reliance by plaintiff on statements made by the adjuster.
We find no genuine issue of material fact regarding defendants' fraud in procuring the release agreements, or of plaintiff's diminished mental capacity in executing them, to support her claim of rescission. Accordingly, defendants' motion for summary judgment was correctly granted by the trial court. Therefore, the judgment below is due to be and is hereby affirmed.
AFFIRMED.
MADDOX, FAULKNER, ALMON, EMBRY and BEATTY, JJ., concur.