Appellant pled guilty to a charge of attempted extortion in the second degree. He was sentenced to one year in jail to be suspended for two years on the condition that he make restitution of $5,000 to the victim within four months.
A motion to revoke appellant's probation was filed on October 4, 1982, and a hearing was held on April 28, 1983. On April 29, 1983, appellant's probation was revoked. This appeal is a result of that ruling.
The sole issue raised by appellant is whether the trial judge abused his discretion in revoking appellant's probation. This assertion is grounded on the absence of a court reporter at the revocation hearing and the resulting lack of a transcript which this court could review. From the record on appeal it is impossible to determine if appellant requested a reporter or made an objection to the lack of one.
Section 12-17-275, Code of Alabama 1975, reads in part that, "The official court reporter shall attend in person, except as otherwise herein provided, the sessions of court held in the circuit for which he is appointed, and in every case, where directed by the judge or requested by a party thereto, he shall take full stenographic notes of the oral testimony and proceedings. . . ." Section 12-11-8, Code of Alabama 1975, says that, "The term `session of court,' when used in this Code, means any period of time fixed by the presiding judge of the court for the trial of cases or the transaction of any other business, unless the context clearly indicates to the contrary."
In Ex parte White, 403 So.2d 292 (Ala. 1981), the Supreme Court of Alabama held that, "The duty is not on the defendant to request a court reporter. He is entitled to a court reporter but can waive that right." That case dealt with the absence of a court reporter during the course of a formal trial in which the defendant was charged with buying, receiving or concealing stolen property.
In Desroches v. Complete Auto Transit, Inc., 409 So.2d 417,418 (Ala. 1981), the Supreme Court of Alabama said:
 "Plaintiff argues that it is inherently unfair to deny review of the proceedings at a hearing in which a court reporter is customarily not present, as was the situation *Page 199 
here. However, in addition to her privilege to employ a reporter to record and transcribe the proceedings at the hearing on the summary judgment motion, plaintiff had available two devices for preserving a record of those proceedings under subsections (d) and (e) of Rule 10, ARAP."
The court then described the two procedures provided for in Rule 10 and commented that plaintiff pursued none of the available options. The court then added, "This court is bound by the record before it; and the burden is on the appellant to perfect and prosecute the appeal as required by law and the rules of this court and to see that all proceedings before the trial court are contained in the record on appeal." 409 So.2d at 419.
In the case sub judice, we are dealing with a probation revocation hearing. "Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to a crime. . . . A proceeding to revoke probation is not a criminal prosecution, and we have no statute requiring a formal trial."Buckelew v. State, 48 Ala. App. 418, 420, 265 So.2d 202, 204
(1972). However, a hearing must be had before there can be a revocation. Martin v. State, 46 Ala. App. 310, 241 So.2d 339
(1970). The hearing must afford the parties an opportunity to adduce proof and to argue as to the inferences flowing from the evidence. Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875,cert. denied, 270 Ala. 737, 121 So.2d 881 (1960). Formal procedures and rules of evidence are not employed in probation revocation hearings. Additionally, the trial judge must make a written statement as to the evidence relied upon and the reasons for revoking probation. Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
As the foregoing authorities suggest, the probationer is entitled to minimum standards of due process, but not the higher standards of a formal trial. Although most of the circuit courts of this state may use reporters during probation revocation hearings, the absence of one would not automatically deny due process to the probationer. A probation revocation hearing is an informal process where rules of procedure and evidence are not strictly followed and in which the trial judge has broad discretion. We feel that this is the type of hearing referred to by the Alabama Supreme Court in Desroches, supra.
The appellant, in any event, is entitled to a reporter upon request. Because of the nature of the hearing, the rule laid down in Ex parte White, supra, would not apply. Appellant has pursued none of the options allowed under Rule 10, nor has he met his burden of perfecting the record on appeal.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.