This is an appeal by the plaintiffs, Robert Guillot, Will-Ella Guillot, and Guillot's Hearing Aid, Inc. (hereinafter referred to as "Guillots"), from a summary judgment in favor of the defendant, Beltone Electronics Corporation of Chicago and defendant Landon Carey. We affirm in part, reverse in part, and remand.
The Guillots claim that between 1978 and 1984, their family had agreements with Beltone that they would be the retail dealer of Beltone hearing aids within a particular territory. In each of the five separate agreements executed during those years, the following provision appeared:
 Article 15. Either party hereto may terminate this agreement, at any time, upon at least thirty (30) days' prior written notice to the other party. However, upon violation of any provision of this Agreement by any such party, the other party shall have the right to terminate the Agreement immediately by written notice.
The Guillots claim that these agreements with Beltone were amended orally and that Beltone had represented that they would not be terminated except for cause. In November 1985, the Guillots were notified that their dealership would be terminated in 30 days. Their Beltone dealership was thereafter given to Landon Carey.
The Guillots argue that the trial court erred in granting Belton's motion for summary judgment with regard to their contract claim, their fraud claims, and their claim of "economic duress." As to the Guillots' contract claim, the defendant claims that the Guillots voluntarily dismissed this claim when they amended their complaint. Originally, count I of the complaint read as follows:
 1. The Guillot plaintiffs are over the age of nineteen years and are resident-citizens of Montgomery County, Alabama. Guillot Hearing Aid, Inc., is a corporation organized and existing within the State of Alabama, with its principal place of business in Montgomery County, Alabama.
 2. Defendant Beltone is a corporation organized and existing outside the State of Alabama with its principal place of business in Chicago, Cook County, Illinois. Defendant Landon Carey is over the age of nineteen years and is a resident-citizen of Mobile County, Alabama.
 3. Defendant Beltone does business in Alabama, and has sufficient contacts to warrant this Court's exercise of jurisdiction over it.
 4. In, to-wit, 1978, plaintiffs and defendant Beltone entered a contract pursuant to which plaintiffs agreed to be a dealer for Beltone products in certain counties within the State of Alabama, and defendant Beltone promised to provide plaintiffs Beltone products for sale. The said contract originally contained a 30-day termination provision, but said provision was subsequently deleted from the agreement by oral amendment.
 5. Plaintiffs have performed all of their obligations under said contract, but defendant Beltone has breached said contract by giving plaintiffs notice of termination, and by notifying plaintiffs that their dealership will be given, with no payment to plaintiffs, to defendant Landon Carey. *Page 650 
 6. As a proximate consequence of said breach of contract, plaintiffs have been injured in that they have expended thousands of dollars in marketing Beltone products and in creating goodwill for Beltone. Moreover, plaintiffs have converted existing customers from other hearing aid products to Beltone products. In addition, plaintiffs have lost profits they would have realized from continuing the operation of their Beltone dealership. They also have suffered mental anguish.
 WHEREFORE, premises considered, plaintiffs pray for compensatory damages in the amount of Five Million Dollars, interest and costs.
However, plaintiffs amended their complaint as follows:
 Come now the plaintiffs in the above styled case and amend their complaint as follows:
 1. By striking from the complaint the relief sought in Count I, but maintaining the factual allegations of paragraphs 1, 2, 3, and 6.
(Emphasis added). There is no need for further discussion on this issue, as the Guillots voluntarily removed it from the consideration of the court.
The Guillots additionally claim that the trial court erred in granting summary judgment on their claim of "economic duress." As authority for their argument, the Guillots citeInternational Paper Co. v. Whilden, 469 So.2d 560 (Ala. 1985), wherein International Paper Company entered into an indemnity contract with a subcontractor without disclosing several material facts. The subcontractor pleaded economic duress as adefense and thereafter was permitted to avoid the contract. The case before us is an entirely different situation. Here, the Guillots do not offer economic duress as a defense to Beltone's counterclaim. Instead, they offer it as a new tort action. We are unwilling to create such an action based on the facts of this case.
The Guillots, finally, argue that the trial court erred in granting summary judgment with regard to their claims of fraud. First, we will consider the alleged oral amendment to the 30-day termination clause in the dealership agreement. The Guillots argue that subsequent to the signing of the written agreements, they were assured by a Beltone representative that Robert Guillot would never lose his job without cause. However, in his own deposition, Mr. Guillot acknowledges that he had heard of "horror stories" where representatives had been terminated for no reason at all. One instance recounted by Guillot was the termination of one particular Beltone dealer simply because of the way he dressed.
 One of the essential elements that must be proven by a party charging fraud is reliance, and the reliance must be reasonable under the circumstances. Code 1975, § 6-5-101; Desroches v. Complete Auto Transit, Inc., 409 So.2d 417 (Ala. 1982); Bedwell Lumber Company, Inc. v. T T Corporation, 386 So.2d 413 (Ala. 1980). Where a party has reason to doubt the truth of the representation or is informed of the truth before the acts, he has no right to act on the representation. Bedwell Lumber Company, Inc., supra.
Taylor v. Moorman Mfg. Co., 475 So.2d 1187, 1189 (Ala. 1985). Mr. Guillot stated in his deposition that he was forced to sell a portion of his newly acquired Selma territory "under the threat of termination." The Guillots' own admissions preclude a determination that they reasonably relied on any alleged oral amendments to the contract. See Rich Crest Homes, Inc. v.Vaughn Place, Inc., 485 So.2d 1123, 1125 (Ala. 1986).
The Guillots additionally argue that Beltone represented to them that they would be allowed to sell their dealership in the event that they were ever terminated. The Guillots, however, were not allowed to sell their dealership upon termination. Beltone, instead, gave it to Landon Carey. Beltone admitted that it had represented to dealers that they could sell their dealership upon termination. In fact, the depositions indicated that this representation was made to the Guillots when they were being solicited for the purchase of the Selma territory. Furthermore, the depositions of Beltone agents indicate that Beltone never intended to follow through with its representation. *Page 651 
Therefore, we hold that there is evidence to support the Guillots' allegation that Beltone misrepresented to them that they would be able to sell their dealership if they were terminated. We reverse and remand with regard to this claim of the Guillots.
We have examined the Guillots' allegation of fraud with regard to the holding of a joint open house with Beltone and hold that the trial court did not err in granting summary judgment on this issue.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.