This is an appeal from a revocation of probation.
The appellant contends that the evidence is insufficient to justify the revocation of his probation because a transcript of the revocation hearing is not contained in the record on appeal, and that this lack of a transcript is because the trial court failed to "allow [the appellant] a court reporter to record the proceedings at his probation revocation hearing." Appellant's brief at 4. The appellant does not challenge the adequacy of the trial court's written revocation order. The record does not contain a transcript of the hearing and does not reflect whether the appellant requested a court reporter or objected to the lack of one.
In Marquis v. State, 439 So.2d 197 (Ala.Cr.App. 1983), this Court addressed the question whether a probationer is entitled to have a court reporter at his probation revocation hearing, and stated as follows:
 "In Ex parte White, 403 So.2d 292 (Ala. 1981), the Supreme Court of Alabama held that, 'The duty is not on the defendant to request a court reporter. He is entitled to a court reporter but can waive that right.' That case dealt with the absence of a court reporter during the course of a formal trial in which the defendant was charged with buying, receiving or concealing stolen property.
". . . .
 "In the case sub judice, we are dealing with a probation revocation hearing. 'Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to a crime. . . . A proceeding to revoke probation is not a criminal prosecution, and we have no statute requiring a formal trial.' Buckelew v. State, 48 Ala. App. 418, 420, 265 So.2d 202, 204 (1972). However, a hearing must be had before there can be a revocation. Martin v. State, 46 Ala. App. 310, 241 So.2d 339 (1970). The hearing must afford the parties an opportunity to adduce proof and to argue as to the inferences flowing from the evidence. Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875, cert. denied, 270 Ala. 737, 121 So.2d 881 (1960). Formal procedures and rules of evidence are not employed in probation revocation hearings. Additionally, the trial judge must make a written statement as to the evidence relied upon and the reasons for revoking probation. Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
 "As the foregoing authorities suggest, the probationer is entitled to minimum standards of due process, but not the higher standards of a formal trial. Although most of the circuit courts of this state may use reporters during probation revocation hearings, the absence of one would not automatically deny due process to the probationer. A probation revocation hearing is an informal process where rules of procedure and evidence are not strictly followed and in which the trial judge has broad discretion. . . .
 "The appellant in any event, is entitled to a reporter upon request. Because of the nature of the hearing, the rule laid down in Ex parte White, supra, would not apply."
Marquis, 439 So.2d at 198-99 (Emphasis added.) *Page 831 
Therefore, this case is remanded with directions to the trial court to make written findings of fact as to whether the appellant requested, before his probation revocation hearing, that a court reporter be present at the hearing. A return to remand shall be filed with this Court within 35 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
All Judges concur.
* Note from the Reporter of Decisions: On November 9, 1995, on return to remand, the Court of Criminal Appeals affirmed, without opinion.