The appellant, Gregory Lacelle Peoples, appeals from the circuit court's revocation of his probation. The record reveals that on September 23, 1997, Peoples pleaded guilty to one count of fraudulent possession of a credit card, a violation of § 13A-9-14, Ala. Code, 1975. Peoples was sentenced to three years' imprisonment; that sentence was split and he was sentenced to time served, with the balance suspended, and he was placed on supervised probation for three years.
On July 13, 1999, Peoples's probation officer filed a delinquency report, alleging that Peoples had been arrested on June 24, 1999, for committing a new offense — second-degree robbery. The circuit court conducted a probation revocation hearing on August 27, 1999. Following the hearing, the circuit court allowed Peoples's case to be transferred to "drug court."[1]
Peoples appeared in drug court on October 26, 1999, for a hearing on the probation-revocation charges and on the new charge. During this hearing, the second-degree robbery charge was amended to charge first-degree theft, and Peoples pleaded guilty to the amended charge. Peoples also admitted that he had violated the terms of his probation by committing the new offense. Thereupon, Peoples was admitted to the drug-court program. The court explained to Peoples that, in the event he failed to satisfactorily complete the drug program, his probation would be revoked; if that happened, the court explained, he would have to serve the three-year sentence from his 1997 conviction and the new sentence imposed for the first-degree theft conviction.
On August 29, 2000, Peoples's probation officer filed a delinquency report; in that report the officer alleged that Peoples had failed to comply with the terms of his probation in that he had not completed the drug-court program. Thereafter, Peoples was served with notice of a hearing. Following a hearing on September 26, 2000, the circuit court revoked Peoples's probation. This appeal followed.
Peoples contends that the circuit court's revocation of his probation should be reversed because, he says, (1) he was not given a probation-revocation hearing, and (2) the court's order revoking his probation was deficient because it did not contain a statement of the evidence relied on and the reasons for revoking his probation.
Section 15-22-54, Ala. Code 1975, requires a hearing as a prerequisite to the revocation of probation. See also Hollins v. State, 737 So.2d 1056
(Ala.Crim.App. 1998). However, "[b]ecause probation itself is an act of grace, a probation revocation hearing does not require all of the formalities of a criminal trial." Lindsey v. State, 768 So.2d 408, 412
(Ala.Crim.App. 1998) (citing Williams v. State, 673 So.2d 829, 830
(Ala.Crim.App. 1995)). Indeed, "[f]ormal procedures and rules of evidence are not employed in probation revocation hearings." Williams v. State, 673 So.2d at 830.
After examining the record before us, we are satisfied that the September 26, 2000, hearing was, in fact, a probation-revocation hearing. Moreover, it appears that Peoples, rather than arguing that the *Page 610 
circuit court failed to hold a revocation hearing, is instead challenging the adequacy of the hearing that was held — a claim that is being raised for the first time on appeal.
 "The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992). This Court `has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held.' Puckett, 680 So.2d at 983."
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). This Court has also held that a defendant can raise for the first time on appeal the allegation that the trial court erred in failing to advise him of his right to request an attorney to represent him during probation-revocation proceedings. See Law v. State, 778 So.2d 249, 250 (Ala.Crim.App. 2000).
This Court then cannot address Peoples's challenge to the adequacy of his revocation hearing. Because he did not preserve this claim at trial, and because it is not one of the three exceptions that this Court has recognized as claims that can be raised for the first time on appeal, nothing has been preserved for appellate review.
Peoples also claims that the circuit court's order revoking his probation is deficient because it does not meet the requirements ofArmstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Although this issue is also raised for the first time on appeal, it is one of the three exceptions to the general preservation requirement and, therefore, is properly before this Court for review.
Before probation can be revoked, the circuit court must provide a written order stating the evidence and the reasons relied upon to revoke probation in order to comply with the due-process requirements of Gagnonv. Scarpelli, 411 U.S. 778 (1973). Wyatt v. State, 608 So.2d 762 (Ala. 1992); Armstrong v. State, supra. "These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct." T.H.B. v. State,649 So.2d 1323, 1324 (Ala.Crim.App. 1994).
A written order revoking probation satisfies due-process requirements when that order states that the defendant's probation was revoked based on the probationer's conviction of a new criminal offense. See Trice v.State, 707 So.2d 294, 297 (Ala.Crim.App. 1997). However, in Hunter v.State, 782 So.2d 845 (Ala.Crim.App. 2000), this Court remanded a case when it could not determine from the written order whether the trial court revoked the defendant's probation because it was reasonably satisfied that the probationer was guilty of the charged offense or because of the mere fact that he had been arrested and charged with a new offense. In Hunter we stated:
 "`On revocation hearings, the standard of proof is not reasonable doubt, but reasonable satisfaction from the evidence.' Thompson v. State, 356 So.2d 757, 760
(Ala.Crim.App. 1978). While certain statements that the trial court made for the record at the conclusion of the revocation hearing strongly suggest that the trial court was indeed reasonably satisfied that Hunter was guilty of [driving under the influence], we are unable to tell from the trial court's written *Page 611 
order of revocation whether the court revoked Hunter's probation because it was reasonably satisfied that Hunter was guilty of the charged offense or because of the mere fact that Hunter was arrested and charged with DUI. . . . `"A `mere arrest' or the filing of charges is an insufficient basis for revoking one's probation."' Clayton v. State, 669 So.2d 220, 221
(Ala.Crim.App. 1995), quoting Allen v. State, 644 So.2d 45, 46 (Ala.Crim.App. 1994). `Before revoking probation because the probationer has been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer is true.' Wade v. State, 652 So.2d 335, 336
(Ala.Crim.App. 1994)."
782 So.2d at 846 (footnote omitted).
In the instant case, the circuit court's written order stated as one reason for revoking Peoples's probation the fact that he had been arrested on June 24, 1999, and charged with second-degree robbery. However, a review of the record on appeal reflects that while Peoples was charged with second-degree robbery, he negotiated a plea agreement pursuant to which he agreed to plead guilty to a reduced charge of first-degree theft. Indeed, the State acknowledges that to the extent that the order references only Peoples's arrest for second-degree robbery, rather than his conviction for first-degree theft, the circuit court's order does not adequately state the reasons for this revocation.
Based on the foregoing, we remand this cause to the circuit court for that court to enter a new order reflecting the basis for revoking Peoples's probation, namely, because of his conviction for first-degree theft, and his admission of guilt as to that offense. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
McMillan, P.J., and Cobb and Shaw, JJ., concur. Baschab, J., concurs in the result.
[1] Drug court is a local court program; a defendant can participate in the program and receive a lighter sentence or have his record expunged. *Page 612