COBB, Judge,
concurring specially.
This case once again clearly demonstrates the need for the Alabama Supreme Court to relieve the trial courts of the time-consuming burden of setting out, in a separate written order, the evidence and the reasons relied upon when a trial court revokes probation. Under the facts of this case, remand is not in the interest of judicial economy.
The probation officer testified that O.T. did not report to him as required by the terms of his probation. Specifically, the probation officer testified:
“[T]his will be the third go-round. I mean, he didn’t report something as *331 simple as once a month. Then we put him on once a week report, and then subsequently to that, he still didn’t come in. It’s not as though he was oblivious to the fact that he needed to come in and report, he just wouldn’t. And enough time was given to him to come in and make everything all right.
“And I told him, I said, ‘Listen, I don’t even want to bring this matter up to the judge. You just come in, and we’ll make this thing right.’ He wouldn’t come in.”
(R. 4.)
O.T. did not deny that he had failed to report to his probation officer — in fact, his comments were tantamount to admissions — but instead, he offered excuses for failing to do so.
The trial court stated:
“You have had every opportunity to comply with probation.... I don’t know anything else we can do to get you to comply with probation.... [Bjased on your behavior on probation, I hereby revoke your probation.”
(R. 5.)
The written order revoking probation states: “Prob[ation] revoked for failure to report.” (C.R.3.) The trial court’s reason for revoking probation- — failure to report — • and the evidence relied upon establishing this reason — oral testimony from the probation officer — is clearly supported by the transcript from the revocation hearing. The probation officer testified that O.T. failed to report to him as required by the terms of his probation. O.T. did not deny this accusation. This provided a sufficient reason to revoke probation.
Moreover, it is abundantly clear from the record that O.T.’s due process rights[5] would not be compromised in the absence of a written order. It is clear that O.T. understood that his probation was being revoked because the trial court believed the uncontradicted testimony from the probation officer that O.T. had failed to report as required by the terms and conditions of O.T.’s probation. Thus, the evidence and the reason for revoking probation were clear to O.T.
I respectfully invite the Alabama Supreme Court, as I did when writing for this court in Trice v. State, 707 So.2d 294, 297 (Ala.Crim.App.1997), “to reconsider its holdings in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992), requiring a separate written order setting forth the evidence relied upon and the reason for the revocation in cases not involving confessions, and instead follow Alabama Rule 27.6(f), Ala.R.Crim.P., and those jurisdictions that permit a statement on the record from the proceedings to provide the evidence relied on and the reasons for revoking probation.”

. “Before probation can be revoked, the circuit court must provide a written order stating the evidence and the reasons relied upon to revoke probation in order to comply with the due-process requirements of Gagnon v. Scarpelli, 411 U.S. 778 [93 S.Ct. 1756, 36 L.Ed.2d 656] (1973). Wyatt v. State, 608 So.2d 762 (Ala.1992); Armstrong v. State, [294 Ala. 100, 312 So.2d 620 (1975) ]. ‘These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct.' ”
Peoples v. State, 807 So.2d 608, 610 (Ala.Crim.App.2001)(quoting T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App.1994)).