JOINER, Judge.
Daniel Matthew Yearby pleaded guilty in the Jefferson Circuit Court to first-degree hindering prosecution, see § 13A-10-43, Ala.Code 1975, and second-degree unlawful possession of marijuana, see § 13A-12-214, Ala.Code 1975. Yearby appealed his hindering-prosecution conviction to this Court. We affirm.

Facts and Procedural History

On July 8, 2009, law-enforcement officers went to Yearby’s residence in Leeds, Alabama.[1] The officers sought to apprehend Yearby’s brother, Jonathan Yearby, for allegedly violating the terms and conditions of his probation, which resulted from *21 his convictions for first-degree rape and first-degree sodomy, both Class A felonies.[2] See § 13A-6-61, Ala.Code 1975; § 13A-6-63, Ala.Code 1975. After officers knocked on the front door of Yearby’s residence, a male ran out the back door and was apprehended and handcuffed by officers waiting at the back of the residence. Officers then entered the back of the residence and found, sitting on a couch, two additional males, whom they also handcuffed.
Officers at the front of the residence knocked on the front door. Yearby opened the door, and the officers questioned him regarding Jonathan’s whereabouts and asked if they could search the residence. Yearby said that Jonathan was not at the residence and that he had not seen him in two weeks, and he gave the officers permission to search the residence. During the search the officers found Jonathan hiding in the return air vent in the hallway.[3] The air vent was at floor level and had been latched from the outside.
In November 2009, Yearby was indicted for first-degree hindering prosecution and second-degree unlawful possession of marijuana. He initially pleaded not guilty to both charges. Yearby filed a motion to suppress the marijuana, which the trial court denied.
Yearby also filed a motion to amend or dismiss the charge of first-degree hindering prosecution; in that motion, Yearby argued that his hindering-prosecution charge should not be based on the convictions for which Jonathan was on probation — i.e., first-degree rape and first-degree sodomy, both Class A felonies. The trial court denied this motion; in its written order denying the motion, the trial court stated:
“Essentially [Yearby] argues that since Jonathan Yearby had already been prosecuted for the Class A felonies of rape in the first degree and sodomy in the first degree, the ‘hindering,’ if there was any, was not in relation to a Class A or B felony; therefore, [Yearby] should be charged with hindering prosecution in the second degree, not hindering prosecution in the first degree. In support of this argument the defense cites [State ] v. Sapp, 55 S.W.3d 382 (Mo.Ct.App.2001), and Key v. State, 800 S.W.2d 229 (Tex.App.1990). Both of these cases support [Yearby’s] proposition that he cannot be prosecut[ed] for hindering prosecution in the first degree.
“In opposition to [Yearby’s] motion, the State submitted Anderson v. Alaska, 145 P.3d 617, 621 (Alas.App.2006), which states that ‘when a person renders assistance to a felony probationer by harboring or concealing the probationer, knowing that the police are trying to arrest the probationer for violating the terms of probation, the person acts with the intent to “hinder the punishment” of “a person who has committed a felony” within the meaning of’ Alaska’s applicable statute. This case cited by the State appears to directly conflict with the case law cited by the defense. Both parties appear to agree that the appellate courts of Alabama have not addressed this issue.
“... [T]he statute in question states that ‘a person commits the crime of hindering prosecution in the first degree if with the intent to hinder the apprehension, prosecution, conviction, or punish *22 ment of another for conduct constituting a murder or a Class A or B felony, he renders criminal assistance to such person.’ § 13A-10-43, [Ala. Code 1975] (emphasis added). In this Court’s opinion, a trial court’s decision of whether or not to revoke an individual’s probation should be regarded as part of the ‘punishment’ for that offense. Regardless of whether the alleged violation is based upon a technical violation or the commission of a new offense, it is hard to conceive how taking steps toward the possible revocation of an individual’s probation and the imposition of a sentence cannot be regarded as part of the punishment for the underlying offense. Based upon this reading of the applicable section under which Daniel Yearby has been charged, the ... motion to dismiss or amend charge is denied.”
(C. 10.) Yearby subsequently pleaded guilty but reserved the right to appeal the denial of his motion to amend or to dismiss the charge of first-degree hindering prosecution.

Standard of Review

Yearby’s case involves only an issue of law and the application of the law to undisputed facts. Therefore, our review is de novo. Ex parte Walker, 928 So.2d 259, 262 (Ala.2005).

Discussion

This case presents the following issue, which is a question of first impression in Alabama: Does Alabama’s first-degree hindering-prosecution statute, § 13A-10-43, Ala.Code 1975, apply to the act of rendering assistance to a Class A felony probationer who is being sought for a violation of his probation based on conduct that is not murder or a Class A or B felony? For the reasons that follow, we answer this question in the affirmative.
As noted above, Yearby contends that he “should not have been charged with hindering prosecution in the first degree because ... Jonathan ... had already been prosecuted and convicted on the class A felonies [first-degree rape and first-degree sodomy] and was wanted only for a probation violation and a failure to appear for a new charge.” (Yearby’s brief, p. 8.) Because this issue has not been addressed in Alabama, Yearby relies on two foreign decisions to support his position: State v. Sapp, 55 S.W.3d 382 (Mo.Ct.App.2001), and Key v. State, 800 S.W.2d 229 (Tex.App.1990).
In Sapp, the hindering-prosecution statute at issue provided:
“A person commits the crime of hindering prosecution if for the purpose of preventing the apprehension, prosecution, conviction or punishment of another for conduct constituting a crime he:
“(1) Harbors or conceals such person; or
“(2) Warns such person of impending discovery or apprehension, except this does not apply to a warning given in connection with an effort to bring another into compliance with the law; or
“(3) Provides such person with money, transportation, weapon, disguise or other means to aid him in avoiding discovery or apprehension; or
“(4) Prevents or obstructs, by means of force, deception or intimidation, anyone from performing an act that might aid in the discovery or apprehension of such person.
“2. Hindering prosecution is a class D felony if the conduct of the other person constitutes a felony; otherwise hindering prosecution is a class A misdemeanor.”
Mo. Ann. Stat. § 575.030. The defendant in Sapp had lied to police officers in an attempt to prevent them from arresting a *23 probationer for not appearing at a probation-revocation hearing. The Missouri Court of Appeals held that the hindering-prosecution statute did not apply to Sapp’s conduct. The court reasoned: “When officers searched for [the probationer] on August 3, 1999, they were not seeking to apprehend him for conduct that constituted a crime. They were seeking to apprehend him for conduct relating to his probation, which was independent of the underlying crime.” 55 S.W.3d at 383.
In Key, the relevant statutory provision stated:
“ ‘(a) A person commits an offense if, with intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense, he:
“ ‘(1) harbors or conceals the other;
“ ‘(2) provides or aids in providing the other with any means of avoiding arrest or effecting escape ....’”
800 S.W.2d at 229 (quoting Tex. Penal Code Ann. § 38.05). The defendant in Key had interfered with efforts by law-enforcement officials to take a probationer into custody for alleged probation violations. The Court of Appeals of Texas held that Key’s conduct was not covered by the statute because, the court held, the attempt to arrest the probationer for an alleged probation violation was not an attempt to arrest the probationer “for an offense.” 800 S.W.2d at 230-31.[4]
In response to Yearby’s position, the State contends that Jonathan’s probation was a part of Jonathan’s “punishment” for his first-degree sodomy and sexual-abuse convictions. The State argues that § 13A-10-43 prohibits Yearby’s attempt to conceal Jonathan from law-enforcement officers because, the State says, Yearby’s actions were intended to hinder Jonathan’s punishment for the crimes for which Jonathan was on probation.[5] We agree with the State.
Section 13A-10-43, Ala.Code 1975, provides: “A person commits the crime of hindering prosecution in the first degree if with the intent to hinder the apprehension, prosecution, conviction or punishment of another for conduct constituting a murder or a Class A or B felony, he renders criminal assistance to such person.” (Emphasis added.) In the present case, Year-by’s brother Jonathan was on probation for two Class A felonies. This Court has stated: “ ‘Probation or suspension of sentence comes as an act of grace to one convicted of, or pleading guilty to a crime .... A proceeding to revoke probation is not a criminal prosecution, and we have no statute requiring a formal trial.’ ” Williams v. State, 673 So.2d 829, 830 (Ala.Crim.App.1995) (quoting Buckelew v. State, 48 Ala.App. 418, 420, 265 So.2d 202, 204 (1972)). This statement from Williams is consistent with the view the State advocates here — that probation and the State’s attempt to take a probationer into custody for an alleged violation of probation are part of the probationer’s *24 punishment for the conviction for which he is on probation. Thus, under this analysis, when Yearby provided criminal assistance to Jonathan by concealing him in an attempt to prevent law-enforcement officers from taking Jonathan into custody for alleged probation violations, see § 13A-10-42, Ala.Code 1975, Yearby was attempting to hinder Jonathan’s punishment for two Class A felonies.
We note that two other states have interpreted their respective hindering-prosecution statutes in a similar manner. In Anderson v. Alaska, 145 P.3d 617 (Alaska Ct.App.2006), the Alaska Court of Appeals held that Alaska’s hindering-prosecution statute, § 11.56.770, Alaska Stat., applied to the defendants’ concealment from law-enforcement officials of their son, who was wanted for misdemeanor violations of his felony probation. 145 P.3d at 621. According to the court, “a person commits the crime of hindering prosecution in the first degree if they (1) ‘render[] assistance’ (2) ‘to a person who has committed a crime punishable as a felony’, and if they render this assistance (3) ‘with [the] intent to ... hinder the apprehension, prosecution, conviction, or punishment’ of the person who has committed the felony.” 145 P.3d at 620 (quoting § 11.56.770. Alaska Stat.).
Similar to our discussion above, the word “punishment” in the Alaska statute was central to the Anderson court’s statutory analysis. The Anderson court stated: “[T]he statute also covers assistance that is rendered with the intent to ‘hinder the ... punishment’ of a person who has committed a felony. This description fits the [defendants’] conduct in the present case.” 145 P.3d at 620. The court further explained:
“When a felony defendant receives a term of suspended imprisonment and is released on probation, the defendant’s liberty is conditional: if the defendant violates probation, the sentencing court can increase the defendant’s punishment by imposing some or all of the suspended' imprisonment, or by extending the defendant’s term of probation. When this occurs, the additional term of imprisonment or the extended term of probation is not a punishment for the defendant’s new conduct — even though that new conduct may itself be an independent criminal offense. Rather, the altered sentence is a revision of the defendant’s punishment for the underlying felony. As we said in Toney v. State, 785 P.2d 902, 903 (Alaska App.1990), ‘a sentence imposed upon revocation of probation constitutes punishment for the defendant’s original offense.’
“Thus, when a person renders assistance to a felony probationer by harboring or concealing the probationer, knowing that the police are trying to arrest the probationer for violating the terms of probation, the person acts with the intent to ‘hinder the punishment’ of ‘a person who has committed a felony’ within the meaning of [Alaska Stat. § 11.56.770(a)(1)].”
145 P.3d at 621 (emphasis added).
We also find persuasive the Alaska Court of Appeals’ reasoning that a contrary interpretation of the relevant statute would leave a gap in Alaska law. The court explained:
“Another reason to interpret [Alaska Stat. § ] 11.56.770(a) in this manner is the fact that, if we interpreted the statutory language as the [defendants] propose — that is, if we interpreted ‘has committed a crime punishable as a felony’ to apply only when a probationer is being sought for a new felony — this would create a gap in Alaska law.
“We note that both of Alaska’s hindering prosecution statutes ([Alaska Stat. *25 §§ ] 11.56.770 and ... 11.56.780) contain similar language: section 770 refers to aiding a person who ‘has committed ... a felony’, while section 780 refers to aiding a person who ‘has committed ... a misdemeanor’. If we interpreted this language as requiring proof that a probationer had committed a new crime punishable as a felony or a misdemean- or, this would mean that neither statute applied to the act of rendering assistance to a probationer whose violation of probation was non-criminal. We doubt that the legislature intended such a result.”
145 P.3d at 622. We note that Alabama’s second-degree hindering-prosecution statute, § 13A-10-44, Ala.Code 1975, refers to “intent to hinder the apprehension, prosecution, conviction or punishment of another for conduct constituting a Class C felony or a Class A misdemeanor.” Were we to adopt Yearby’s position that the hindering-prosecution statutes apply only to the conduct forming the basis of the alleged probation violation, neither statute would apply to rendering criminal assistance to a probationer whose alleged probation violation was noncriminal. We doubt the legislature intended such a result.
The Supreme Court of Oregon, in interpreting Oregon’s hindering-prosecution statute, has reached a conclusion similar to that reached in Anderson regarding Alaska’s hindering-prosecution statute and to our interpretation of § 13A-10-43, Ala.Code 1975. See State v. McCullough, 347 Or. 350, 364, 220 P.3d 1182, 1190 (2009) (holding that Oregon’s hindering-prosecution statute “applies when an individual aids a juvenile in avoiding apprehension for a probation violation, as long as the juvenile was on probation because he or she engaged in conduct punishable as a felony”). We find the statutory analysis utilized in McCullough and Anderson to be persuasive in our own construction of § 13A-10-43, Ala.Code 1975, and we hold that § 13A-10-43 applies to Yearby’s attempt to conceal his brother from law-enforcement officials in this case.

Conclusion

The judgment of the circuit court is affirmed.
AFFIRMED.
KELLUM and BURKE, JJ., concur.
WINDOM, P.J., and WELCH, J., concur in the result, with writing by WINDOM, P.J., which WELCH, J., joins.

. The facts in this case are based on the evidence presented at the hearings on Year-by's motion to suppress as well as the factual basis the State provided at Yearby's guilty-plea proceeding.

. Jonathan was also the subject of a warrant for failing to appear on an outstanding charge of unlawful possession of a controlled substance.

. During the search, the officers also discovered the marijuana that formed the basis for charging Yearby with unlawful possession of marijuana.

. In King v. State, 76 S.W.3d 659 (Tex.App.2002), a separate district of the Court of Appeals of Texas declined to adopt the rationale of Key. King, 76 S.W.3d at 662-63 (“For the reasons stated above, we respectfully choose not to follow the rationale of our sister court of appeals in Key v. State. To the extent our decision conflicts with Key, we trust the Court of Criminal Appeals will resolve the variance by exercising its power of discretionary review.").

. The State argues, and Yearby does not dispute, that Yearby’s attempt to conceal Jonathan in the air duct constitutes “criminal assistance” as that term is used in § 13A-10-43, Ala.Code 1975. (State's brief, pp. 7-8.) See § 13A-10-42, Ala.Code 1975 (“For the purposes of Sections 13A-10-43 through 13A-10-45, a person renders 'criminal assistance' to another if he: (1) Harbors or conceals such person .... ”).