KELLUM, Judge.
*855 The appellant, Karim Theoupilus Anthony, appeals from the circuit court's revocation of his probation. On February 25, 2016, Anthony was convicted of burglary in the third degree, a violation of § 13A-7-7, Ala. Code 1975. The circuit court sentenced Anthony to 10 years' imprisonment, suspended that sentence, and sentenced Anthony to 4 years' supervised probation. The court ordered Anthony to pay $13,768.17 in restitution and other court-ordered moneys.
On September 12, 2017, probation officer Christopher Simpson filed a delinquency report alleging that Anthony had violated the terms and conditions of his probation by failing to report to his probation officer. Based on this violation, Simpson recommended that Anthony serve a "45-day dunk" in the custody of the Alabama Department of Corrections.
On February 4, 2018, probation officer Franklin Holdren filed a supplemental delinquency report alleging that Anthony violated the terms and conditions of his probation based on new criminal charges of aggravated child abuse and burglary in the third degree. Holdren further alleged that Anthony failed to pay his probation-supervision fees and his court-ordered moneys. Holdren recommended the revocation of Anthony's probation based on his criminal history, recent arrests, and "continued defiant behavior toward probation." (C. 31.)
On February 5, 2018, Holdren issued a notice of court hearing to Anthony. In the notice, Holdren noted that probation-violation reports had been prepared on September 12, 2017, and February 4, 2018, alleging that Anthony had violated his probation, and that the officer had provided copies of those two reports to Anthony. Anthony signed the notice on February 5, 2018, indicating that he had received the two reports, that he had read or had had the reports read to him, and denied the allegations set forth in those reports.
On February 14, 2018, Anthony and his appointed counsel appeared before the circuit court for an initial-appearance hearing. At the hearing, the circuit court informed Anthony again of the probation violations alleged in both the September 12, 2017, and the February 4, 2018, reports. Anthony indicated that he had received a copy of the reports and that he understood the charges against him. Anthony denied the charges, and the circuit court scheduled an expedited probation-revocation hearing.
On February 21, 2018, the circuit court conducted a probation-revocation hearing at which Anthony was represented by counsel. At the hearing, Anthony indicated a desire to admit to the technical violations alleged against him. Following a colloquy pursuant to Rule 27.6(c), Ala. R. Crim. P., Anthony admitted to violating his probation by failing to report to his probation officer, failing to pay probation-supervision fees, and failing to pay court-ordered moneys. Based on Anthony's admission, the circuit court entered an order revoking Anthony's probation. The circuit court ordered Anthony to serve the balance of his 10-year sentence in the custody of the Alabama Department of Corrections. Anthony filed a motion to reconsider in which he argued that he had no notice of the alleged violations in the February 4, 2018, supplemental delinquency report. On March 1, 2018, the circuit court entered an order denying the motion to reconsider. This appeal followed.
*856 I.
Anthony contends that the circuit court erred by revoking his probation without conducting a probation-revocation hearing with regard to the two new criminal charges alleged in the supplemental delinquency report. Anthony contends that "[d]efense counsel erroneously believed that the admission to technical charges would result in a 45 day jail sentence and was unaware that admission to the technical offenses could have resulted in [Anthony's probation] being revoked to serve the balance of his original sentence." (Anthony's brief, p. 13.) Anthony maintains that the circuit court "should have properly addressed the confusion and [Anthony's] repeated averments that he denied committing the new charges by conducting a probation revocation hearing on the new charges." (Anthony's brief, p. 13.)
Section 15-22-54, Ala. Code 1975, requires a hearing as a prerequisite to the revocation of probation. See also Hollins v. State, 737 So.2d 1056, 1057 (Ala. Crim. App. 1998) ("The minimal due process to be accorded a probationer before his probation can be revoked includes ... an opportunity to be heard in person and to present witnesses and documentary evidence, the right to confront and to cross-examine adverse witnesses, [and] a neutral and detached hearing body such as a traditional parole board ...."). However, "[b]ecause probation itself is an act of grace, a probation revocation hearing does not require all of the formalities of a criminal trial." Lindsey v. State, 768 So.2d 408, 412 (Ala. Crim. App. 1998) (citing Williams v. State, 673 So.2d 829, 830 (Ala. Crim. App. 1995) ). Indeed, "[f]ormal procedures and rules of evidence are not employed in probation revocation hearings." Williams v. State, 673 So.2d at 830.
The record indicates that Anthony initially denied the alleged probation violations and the circuit court set the matter for a probation-revocation hearing. At the hearing, defense counsel informed the circuit court that Anthony wished to change his plea solely with regard to the technical violations. Following a colloquy pursuant to Rule 27.6(c), Ala. R. Crim. P., Anthony admitted to the technical violations of his probation as alleged in the delinquency report. At his probation-revocation hearing, Anthony was present and represented by counsel, was afforded an opportunity to be heard in person, and to present witnesses and documentary evidence. Instead of presenting witnesses and documentary evidence, however, Anthony chose to admit to the alleged technical violations. Although Anthony did not admit to committing the new criminal offenses, his admission to the technical violations was sufficient for the circuit court to revoke Anthony's probation. Therefore, contrary to Anthony's contention otherwise, the record on appeal indicates that the circuit court did, in fact, conduct a probation-revocation hearing.
To the extent Anthony suggests that he was forbidden from being heard on the new criminal charges based on confusion regarding the recommended "45-day dunk," the record indicates that both the September 12, 2017, and February 4, 2018, delinquency reports alleged technical violations and that each was prepared by a different probation officer. In the September 12, 2017, delinquency report, the probation officer recommended a "45-day dunk," and, in the February 4, 2018, delinquency report, the probation officer recommended the full revocation of Anthony's probation. The record indicates that Anthony and his defense counsel were aware of all charges and that Anthony, at the very least, received copies of both delinquency reports.
*857 This Court has recognized that " '[a]bsent a gross abuse of discretion, the trial court's ruling in a probation revocation will not be disturbed by this Court. Wright [v. State, 349 So.2d 124 (Ala. Crim. App. 1977) ].' " Ex parte Caffie, 516 So.2d 831, 833-34 (Ala. 1987) (quoting Rice v. State, 429 So.2d 686, 687 (Ala. Crim. App. 1983) ). " 'A trial court abuses its discretion only when its decision is based on an erroneous conclusion of law or where the record contains no evidence on which it rationally could have based its decision.' " McCain v. State, 33 So.3d 642, 647 (Ala. Crim. App. 2009) (quoting Holden v. State, 820 So.2d 158, 160 (Ala. Crim. App. 2001) ). Given the discretion afforded a circuit court in revoking probation, this Court will not reverse the circuit court's judgment and Anthony is not entitled to relief on this claim.[1]
II.
Anthony also contends that the circuit court erred by failing to "provide an adequate written statement as to the evidence relied on and the reasons for revoking [his] probation." (Anthony's brief, p. 15.) Citing McCoo v. State, 921 So.2d 450 (Ala. 2005), Anthony contends that the circuit court failed to explain why it chose to impose the balance of the original 10-year sentence instead of ordering Anthony to serve a "45-day dunk" as recommended by the probation officer in the first delinquency report.
Rule 27.6(f), Ala. R. Crim. P., provides that, when revoking probation, "[t]he judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation." In McCoo v. State, 921 So.2d 450 (Ala. 2005), the Alabama Supreme Court held:
"It follows that the requirement of Wyatt [v. State, 608 So.2d 762 (Ala. 1992),] and its associated cases -- that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record -- is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27. 6(f)[, Ala. R. Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that 'oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.' [United States v.] Copeland, 20 F.3d [412,] 414 (11th Cir. 1994) ].
"We hasten to note that our holding in this case does not diminish the duty of the trial court to take some affirmative *858 action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons. The requirements of Wyatt will still be fully applicable in those situations where the record, for lack of transcription of the revocation hearing or for some other reason, fails to clearly and unambiguously set forth the reasons for the revocation and the evidence that supported those reasons. Thus, the requirements of Wyatt are fully applicable to the trial court's order of revocation where the record fails to comply with Rule 27.6(f)."
McCoo v. State, 921 So.2d 450, 462-63 (Ala. 2005).
In this case, the circuit court provided the reasons for revoking Anthony's probation orally on the record and in written form in the court's probation-revocation order. At the conclusion of the probation-revocation hearing, the circuit court revoked Anthony's probation based on his admission to committing technical violations of his probation. The circuit court indicated Anthony's admission was the basis for its revocation of Anthony's probation in its February 21, 2018, written order. Therefore, the circuit court's probation-revocation order satisfied the requirements of Rule 27.6(f), Ala. R. Crim. P., and McCoo. Furthermore, contrary to Anthony's contention otherwise, neither Rule 27.6 nor McCoo requires a circuit court to set forth its reasoning for imposing the original underlying sentence in a probation-revocation hearing.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
Windom, P.J., and Welch and Burke, JJ., concur. Joiner, J., dissents, with opinion.

The dissent relies on a single sentence in T.D.M. v. State, 224 So.3d 205, 208-09 (Ala. Crim. App. 2016), -- a case in which the author of this opinion did not sit -- in which this Court noted that probation cannot be fully revoked based solely on technical violations. However, that single sentence is obiter dictum; it was completely unnecessary for the resolution of the appeal in T.D.M., in which the defendant's probation was revoked solely on new offenses. Moreover, even if this Court were to agree that the circuit court erred in fully revoking probation based on Anthony's technical violations, that issue is not raised on appeal and, unlike the dissent, we do not read § 15-22-54(e)(1), Ala. Code 1975, as imposing a jurisdictional limitation on a circuit court's authority to fully revoke probation. See, e.g., Hall v. State, 223 So.3d 977, 981 (Ala. Crim. App. 2016) (recognizing that merely because a statute is written in mandatory terms does not make that statute jurisdictional).